**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Lawrence C. DUSO, Defendant–Appellant.**

No. 93–2383.

United States Court of Appeals,
Sixth Circuit.

Argued Sept. 30, 1994.

Decided Dec. 14, 1994.

Michael Hluchaniuk, Asst. U.S. Atty. (argued and briefed), Office of the U.S. Atty., Bay City, MI, for plaintiff-appellee.

Thomas J. Plachta (argued and briefed), Brady & Plachta, Bay City, MI, for defendant-appellant.

Before: GUY and BATCHELDER, Circuit Judges; and McKEAGUE, District Judge.*

RALPH B. GUY, JR., Circuit Judge.

This case was earlier appealed, and, although we upheld Duso's conviction, we va-

---

* Honorable David W. McKeague, United States District Court for the Western District of Michigan, sitting by designation.

cated his sentence and remanded for resentencing. 992 F.2d 1217. The sentence was vacated because of an inadequate factual basis set forth by the district judge to support the upward departure he made in the sentence. In the opinion remanding, we stated:

> Upon remand, the court may consider whether the facts recited warrant an upward adjustment under § 4A1.3 *or any other Guidelines provision* (*e.g.,* § 3C1.1 for obstruction of justice for subornation of perjury).

*United States v. Duso,* No. 92–1162, slip op. at 15, 992 F.2d 1217 (table) (6th Cir.1993) (per curiam) (emphasis added).

This court vacated a 36–month sentence. Upon remand, the district judge imposed a 41–month sentence from which the defendant again has appealed. The only issue raised on appeal is whether the new, harsher sentence was a result of vindictiveness and thus a violation of defendant's due process rights. Our review of the record convinces us that no due process violation occurred, and we affirm.

## I.

In *North Carolina v. Pearce,* 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), the Supreme Court set aside the sentence of a state prisoner who had successfully appealed his conviction but upon remand was given a harsher sentence. The Court stated that a defendant's due process rights were violated when, after a successful appeal, a harsher sentence was imposed as a result of vindictiveness. The Court went on to hold that, if a more severe sentence is imposed following appeal, the reasons for the harsher sentence must appear on the record and must be "based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding." *Id.* at 726, 89 S.Ct. at 2081. Subsequent to the decision in *Pearce,* the Supreme Court decided *Wasman v. United States,* 468 U.S. 559, 104 S.Ct. 3217, 82 L.Ed.2d 424 (1984). In *Wasman,* the Court clarified its *Pearce* holding by making it clear that enhanced sentences on remand were not prohibited unless the enhancement was motivated by actual vindic-

tiveness against the defendant as punishment for having exercised his constitutionally guaranteed rights. *See id.* 468 U.S. at 568, 104 S.Ct. at 3222–23.

In 1989, the Supreme Court further clarified the *Pearce* doctrine in *Alabama v. Smith,* 490 U.S. 794, 109 S.Ct. 2201, 104 L.Ed.2d 865 (1989), explaining that, unless there was a "reasonable likelihood" that the increased sentence was the product of actual vindictiveness, the burden was on the defendant to show actual vindictiveness. *Id.* at 799, 109 S.Ct. at 2204–05. None of these three cases involved a sentence imposed under the federal sentencing guidelines, however.

At the original sentencing hearing in this case, the trial judge explained that he thought the criminal history category did not accurately represent defendant's criminal history because four prior felony convictions over 10 years old were not counted pursuant to the dictates of the guidelines. The district judge also mentioned some other reasons in support of an upward departure, but, on review, the panel felt that the consideration of the sentences over 10 years old was central to the court's decision and that a remand for resentencing was necessary.

Upon remand, at the first resentencing hearing, the district judge made it clear that he still believed an upward departure was justified and set forth additional reasons in support of an upward departure. Defendant initially had been indicted on two drug counts and a firearms count (felon in possession). The jury acquitted him on the drug counts, but found Duso guilty of being a felon in possession of a firearm. Notwithstanding the acquittal on the drug charges, the district judge thought that drugs were clearly implicated in Duso's criminal activities and cited this as one of the potential reasons to justify an upward departure.

In arguing against considering drug involvement as a basis to support an upward departure, defense counsel made an argument that he was soon to regret. He pointed out to the court that the sentencing guidelines indicate that a court should not take into consideration, as a basis for an upward

departure, a factor that the guidelines have already taken into account. Defense counsel elaborated, however, that under the guidelines:

> If the defendant used or possessed any firearm ... in connection with another felony offense; or possessed or transferred any firearm or ammunition with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense, increase by **4** levels. If the resulting offense level is less than level **18**, increase to level **18**.

United States Sentencing Commission, *Guidelines Manual,* § 2K2.1(b)(5) (Nov. 1991). Although it was not defense counsel's intention in citing to this section, the court concluded that it may have initially computed the base offense level erroneously and that the matter should be referred back to the probation department for further review. At this point, defense counsel unsuccessfully attempted to withdraw any arguments he had previously made.

The sentencing hearing was reconvened two weeks later, and, in the interim, the government, at the court's suggestion, submitted a supplemental memorandum. The defendant did not submit any additional arguments.

The probation officer also prepared a supplemental report in which the sentence was recomputed with reference to section 2K2.1(c), which dictates that, if the firearm was used in connection with the commission or attempt at commission of another offense, there would be a cross-reference to section 2X1.1, and that the defendant should be sentenced in accordance with the underlying substantive offense guideline if the resulting offense level would be greater. Accordingly, and notwithstanding the acquittal on the drug charges, the court found by a preponderance of the evidence that the firearm was used in connection with a drug offense, and that the offense level for the drug offense had to be determined based upon the quantity of drugs involved.

Over defendant's vigorous objections, the court determined that between 50 and 100 grams of cocaine were involved, and that this translated into a base offense level of 16.

The court then added two points for possession of a firearm in connection with a drug offense and another two points for defendant's leadership role in connection with the drug offense. This resulted in an offense level of 20, which, when paired with a criminal history of II, resulted in a sentencing range of 37 to 46 months.

At this point, defense counsel argued that he was taken by surprise as to the court's calculation of the drug quantities and requested an evidentiary hearing. The court granted this request, and one month later the parties again appeared in court for the third hearing in connection with this resentencing.

At this hearing, defense counsel reiterated that both he and the defendant were urging the court to consider their "appeal" abandoned and respectfully requested that the court reinstate the original offense level which resulted in a sentence of 36 months.

The defendant also now argued that the court's refusal to consider the appeal abandoned was vindictive and in violation of *Pearce.*

The court spent a considerable amount of time in discussing this issue and gave defense counsel every opportunity to demonstrate what evidence supported a charge of actual vindictiveness on the part of the court. Although it was a touchy subject, defense counsel replied forthrightly and told the court that it appeared from the outset that the court was unhappy with being reversed, and that it appeared the court was bent on increasing defendant's sentence "as a punishment" for appealing and prevailing, at least in part.

Although the hearing was spirited, it was not acrimonious, and both the trial judge and defense counsel conducted themselves appropriately. Ultimately, however, the court imposed a new sentence of 41 months, and this appeal followed.

## II.

We could dispose of this appeal by concluding, as we do, that there was no showing of actual vindictiveness on the part of the trial

judge or conduct that would amount to actual vindictiveness. This would be an oversimplification, however, because of the unusual twists and turns that this case took during the resentencing process.

Now that the sentencing guidelines are in place, and the discretion afforded to a district judge in sentencing is severely limited, sentencing procedures differ from those analyzed in *Pearce* and its progeny. There is a calculated risk taken by a defendant in appealing his sentence computation. If the defendant convinces a court on appeal that the sentence was wrongly computed and the court remands for resentencing, there appears to be no prohibition in the guidelines, or in the case law interpreting the guidelines, keeping a district judge from revisiting the entire sentencing procedure unless restricted by the remand order. It is possible, as occurs in many cases, that the remand would be a limited one which would not allow the district judge to make a *de novo* review of the sentencing procedure. In this case, however, there was no such language in the opinion limiting the district judge's review.[1]

This sentence's recalculation resulted from an argument made by defense counsel. We hasten to add that we do not fault defense counsel for making this argument or find that his representation of the defendant was in any way deficient. There was a certain facial logic to what the defendant's attorney argued to the court, except that it was premised upon what turned out to be the errone-ous supposition that the base offense level was somehow fixed as a result of the first proceeding and could not be revisited. There may someday be a case in which we will find that considerations of elemental fairness require us to not allow the district court to revisit what was earlier done. This, however, is not such a case.[2]

The sentencing guidelines are labyrinthian, and, as this case illustrates, there may be more than one route to the same destination. The transcript of the first sentencing hearing indicates that the trial judge thought that the sentence, as initially computed by the probation office, was inadequate. Also, the district judge at that hearing spent a considerable amount of time outlining why he thought that the sentence was inadequate without an upward departure. Thus, it is not difficult to see why the district judge was perhaps surprised by our conclusion in Duso's initial appeal that he had inadequately stated the reasons for the sentence given. As earlier indicated, however, this court concluded that more emphasis had been placed on convictions, which the guidelines did not allow to be counted, than was permissible. Our earlier decision on this point perhaps could have been more clearly worded.

This case is relatively typical, however, in that this court's earlier holding left room for the district judge to revisit the entire sentencing procedure. The opinion not only did not forbid the court from making an upward departure, but also suggested some avenues

---

1. We have had a number of cases on appeal in which the government, although not cross-appealing, has pointed out that the sentencing court, if it erred, did not err against the defendant, but rather erred in favor of the defendant.

2. In our recent decision in *United States v. Moored*, 38 F.3d 1419, 1422 (6th Cir.1994), we stated:

[S]everal circuits have given broad discretion to the district court to reconsider sentencing factors on a sentencing remand. For example, in *United States v. Smith*, 930 F.2d 1450, 1456 (10th Cir.), *cert. denied,* —— U.S. ——, 112 S.Ct. 225, 116 L.Ed.2d 182 (1991), the court stated that absent explicit limitations in the appellate court's mandate, an order vacating a sentence and remanding the case for resentencing "directs the sentencing court to begin anew, so that 'fully *de novo* resentencing' is entirely appropriate.... The law of the case doctrine and the cases cited by Mr. Smith are inapposite, given this court's vacation of his initial sentence." *See also United States v. Cornelius*, 968 F.2d 703, 705 (8th Cir.1992) ("Once a sentence has been vacated or a finding related to sentencing has been reversed and the case has been remanded for resentencing, the district court can hear any relevant evidence on that issue that it could have heard at the first hearing."); *United States v. Sanchez Solis*, 882 F.2d 693, 699 (2d Cir.1989) ("[I]n the interests of truth and fair sentencing a court should be able on a sentence remand to take new matter[s] into account on behalf of either the Government or the defendant."); *United States v. Romano*, 749 F.Supp. 53, 55 (D.Conn.1990) (on remand, a sentencing court may proceed as it might have proceeded in the first instance), *aff'd sub nom., United States v. Lanese*, 937 F.2d 54 (2d Cir.1991).

that might be explored to support an upward departure.

Defendant argues that what happened in this case has a chilling effect on a defendant's right to appeal. We disagree. What occurred here and what has occurred in other sentencing cases before this court, however, should put defendants and the defense bar on notice that it is possible for the appeal of a sentence to result in a Pyrrhic victory. With the advent of sentencing guidelines, we are no longer dealing with the unfettered discretion of district judges and our power to review their use of that discretion. We now have a statutorily mandated sentencing scheme, and despite the dissatisfaction of many with the scheme, we have an obligation to enforce it as written. If the district judge errs in calculating a sentence to the detriment of defendant, upon appeal the defendant is entitled to the benefit of this court correcting that error. If the district judge errs in favor of the defendant, however, the defendant bears the risk that the error may be corrected against the defendant's favor. This must be anticipated when the decision is made whether to appeal.

This case illustrates our reluctance to act other than to remand when it is concluded that there is a problem with the original sentence. It took three days to accomplish this resentencing, and the resentencing involved everyone from case agents to the probation officer. Clearly, this is the type of proceeding that can only be held in the district court. Normally, it will not be possible for us to resentence defendants without the necessity of a remand.

Since we find no actual vindictiveness on the part of the trial judge, the new sentence imposed upon remand is **AFFIRMED.**