78 F.3d 585
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
James COOK, Defendant-Appellant.
 No. 95-5373.
 United States Court of Appeals, Sixth Circuit.
 Feb. 7, 1996.
 
 W.D.Ky., No. 92-00028; John G. Heyburn, II, District Judge.
 W.D.Ky. [Appeal after remand from, 36 F.3d 1098]
 AFFIRMED.
 Before: MERRITT, Chief Judge, CONTIE and BOGGS, Circuit Judges.
 
 ORDER
 
 1
 James Cook appeals the sentence he received after a remand from this court for that purpose. The parties have waived oral argument and, upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1993, James E. Cook was found guilty after trial before a jury of 58 counts of wire fraud, in violation of 18 U.S.C. § 1343, and received an aggregate sentence of 175 months of incarceration. Cook's direct appeal resulted in the conviction being affirmed but the cause was remanded for resentencing. United States v. Cook, 36 F.3d 1098, 1994 WL 514528 (6th Cir.1994) (unpublished per curiam).
 
 
 3
 On remand, the district court structured the counts so that the aggregate sentence meted out was 172 months. This appeal followed. The parties have briefed the issues and waived oral argument.
 
 
 4
 Cook was convicted of 58 separate acts of wire fraud after he fleeced an elderly brother and sister out of their life savings of approximately $500,000. The district court imposed 58 concurrent terms of 175 months for each violation of 18 U.S.C. § 1343. On appeal, a panel of this court concluded that the district court was without authority to exceed the statutory maximum of 60 months for each count. The panel went on to note
 
 
 5
 that the district court is not precluded from sentencing the defendant to the same effective term of imprisonment on remand. By following USSG § 5G1.2, the Guidelines section that explains the sentencing of multiple-count offender, the court may sentence Cook to 175 months of imprisonment by applying the provisions on consecutive and concurrent sentencing.
 
 
 6
 Cook, 1994 WL 514428 at ** 2.
 
 
 7
 After this court's order of remand, but before any further district court proceedings, Cook filed a pro se motion styled as a "Motion to Correct Illegal Sentence." Cook set forth in this motion a claim that his previous trial counsel was ineffective. Cook contended that 1) the Sixth Circuit decision clearly reflected the illegality of his initial sentence, therefore 2) his trial counsel should have made a motion for a correction of the sentence under Fed.R.Crim.P. 35(c), with the result that 3) the district court would have had no choice but to reduce the sentence to the statutorily mandated 60 months.
 
 
 8
 The district court eventually held a hearing in order to effectuate the mandate of this court. The district court initially ruled that the pro se "Motion to Correct Illegal Sentence" was moot. The court then proceeded to sentence Cook to 60 months as to each of Counts 1-20 (concurrent), 60 months as to each of Counts 21-40 (concurrent to each other, but consectutive to Counts 1-20), and 52 months as to each of Counts 41-58 (concurrently to each other, but consecutive to the preceding counts) for a total sentence of 172 months. USSG § 5G1.2(d) specifically suggests a similar stacking of counts when necessary to achieve the "total punishment" arrived at in the guideline sentencing calculation.
 
 
 9
 On appeal, counsel for Cook contends that the district court's ability to resentence was limited to an aggregate 60 month sentence pursuant to the terms of Fed.R.Crim.P. 35. Counsel cites several cases in support of this argument.
 
 
 10
 Counsel's argument is flawed in a number of respects. We first note that the sentence imposed on remand was explicitly authorized by the previous decision of this court. In addition, the government correctly points out that the cases cited by counsel for the defendant are all interpretations of a version of Rule 35 existing prior to the enactment of the Sentencing Reform Act of 1984 and that a district court is free to revisit all aspects of the original sentence upon remand. Counsel for the government is correct. See, e.g., United States v. Duso, 42 F.3d 365, 369 (6th Cir.1994). The appeal lacks merit.
 
 
 11
 Accordingly, the district court's judgment is affirmed.