95 F.3d 1153
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Walter Eldon SCHLICKER, Defendant-Appellant.
 No. 94-1344.
 United States Court of Appeals, Sixth Circuit.
 Aug. 21, 1996.
 
 On Appeal from the United States District Court, for the Eastern District of Michigan, No. 93-20034; Robert H. Cleland, District Judge.
 E.D.Mich. [VACATED, 66 F.3d 327; REMAND FROM, 116 S.Ct. 1012]
 VACATED.
 Before: RYAN, BATCHELDER and MOORE, Circuit Judges.
 PER CURIAM.
 
 
 1
 This case is before us on remand from the United States Supreme Court for further consideration in light of Bailey v. United States, 516 U.S. ----, 116 S.Ct. 501 (1995). Our initial judgment in this case, United States v. Schlicker, No. 94-1344, 1995 WL 538695 (6th Cir. Sept. 8, 1995), is vacated, and, for the reasons that follow, we VACATE part of Schlicker's conviction and the entirety of his sentence, and REMAND the case to the district court for resentencing.
 
 
 2
 The facts of Walter Schlicker's case are fully discussed in our original opinion. Schlicker, 1995 WL 538695 at * 1-2. Pertinent to this remand is Schlicker's conviction for the use and carrying of a firearm during a drug trafficking crime in violation of 18 U.S.C. § 924(c). We initially upheld Schlicker's conviction on the § 924(c) count because
 
 
 3
 [f]rom the evidence at trial showing that at least four guns were found on Schlicker's property, including a loaded .22 caliber pistol found in Schlicker's trailer, the jury could reasonably infer that Schlicker was guilty of using and carrying weapons during the conspiracy and in connection with the drug trafficking offenses.
 
 
 4
 Id. at * 2.
 
 
 5
 After we upheld Schlicker's § 924(c) conviction, the Supreme Court held in Bailey, 516 U.S. at ----, 116 S.Ct. at 508, that mere possession of a gun in the vicinity of illegal drugs does not amount to a violation of § 924(c). Based on Bailey, the Supreme Court granted certiorari on Schlicker's appeal and remanded the case to this court for further consideration. We granted rehearing and directed the parties to file supplemental briefs.
 
 
 6
 On rehearing the United States has conceded that the § 924(c) conviction cannot stand. Therefore, on remand the district court should set aside Schlicker's conviction for a violation of § 924(c) and vacate his sentence.
 
 
 7
 The United States asks that the district court be permitted at resentencing to consider whether Schlicker's possession of a firearm warrants an application of United States Sentencing Guidelines ("U.S.S.G.") § 2D1.1(b)(1). U.S.S.G. § 2D1.1(b)(1) provides for a two-level enhancement "[i]f a dangerous weapon (including a firearm) was possessed" by the defendant. The district court was unable to consider this enhancement at Schlicker's sentencing because it is inapplicable when the defendant is sentenced under § 924(c). U.S.S.G. § 2K2.4 commentary n. 2.
 
 
 8
 On remand, the district court may consider upon resentencing whether Schlicker is subject to a § 2D1.1(b)(1) enhancement. We note "there appears to be no prohibition in the guidelines, or in the case law interpreting the guidelines, keeping a district court judge from revisiting the entire sentencing procedure unless restricted by the remand order." United States v. Duso, 42 F.3d 365, 368 (6th Cir.1994). Hence, "absent explicit limitations in the appellate court's mandate, an order vacating a sentence and remanding the case for resentencing directs the sentencing court to begin anew, so that fully de novo resentencing is entirely appropriate." United States v. Moored, 38 F.3d 1419, 1422 (6th Cir.1994) (citations and quotation marks omitted). No such limitation is found in the Supreme Court's remand order nor do we remand with any such limitation; the district court should therefore conduct a de novo resentencing. See United States v. Hebeka, --- F.3d ----, No. 95-3040, 1996 WL 392972 at * 6 (6th Cir. July 16, 1996); United States v. Jennings, 83 F.3d 145, 151 (6th Cir.1996).
 
 
 9
 Accordingly, Schlicker's § 924(c) conviction and his sentence are VACATED and the case is REMANDED for de novo resentencing.