108 F.3d 1377
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Edward Boyles CROUSE, Defendant-Appellant.
 No. 95-1189.
 United States Court of Appeals, Sixth Circuit.
 March 18, 1997.
 
 W.D. Mich., No. 93-00021; Robert Holmes Bell, Judge.
 W.D.Mich. [On remand from 117 S.Ct. 39].
 REMANDED.
 
 
 1
 Before: BOGGS and DAUGHTREY, Circuit Judges, and MATIA*, District Judge.
 
 ORDER
 
 2
 This case returns to our court for the third time, on remand from the Supreme Court of the United States. It has twice been fully briefed and argued on the question of the appropriate sentence for Mr. Crouse, and it has generated a tangle of opinions dealing with niceties of guideline sentences, and departures therefrom. Initially, the district court granted Mr. Crouse a very large, thirteen-level downward departure based on civic contributions and good works. USSG § 5K2.0. This court reversed, holding, under a de novo standard of review, that Mr. Crouse's actions were not sufficiently unusual or extraordinary to bring them within the departure for good works. United States v. Kohlbach, 38 F.3d 832 (1994). On remand, the district court, feeling itself completely bound by this court's holding, imposed a sentence based on the original guideline sentence range, though permitting, in effect, a downward departure by setting off the time defendant had served under home confinement to be offset against actual prison time, resulting in a sentence of incarceration equivalent to a four-level downward departure. The government did not appeal this action.
 
 
 3
 This court affirmed the district court's new sentence. United States v. Crouse, 78 F.3d 1097 (1996). Subsequent to this court's action, however, the Supreme Court held, in Koon v. United States, 116 S.Ct. 2035, 2043 (1996), that appellate courts should review departure decisions for abuse of discretion rather than de novo. The Supreme Court accordingly granted Crouse's petition for a writ of certiorari and remanded the case to this court for further consideration in light of the standard enunciated in Koon. Crouse v. United States, 117 S.Ct. 39 (1996).
 
 
 4
 At this point, we believe that the interplay of the various levels of discretion accorded the district court, and this court's continuing power to supervise for errors of law, reaffirmed in Koon, 116 S.Ct. at 2047-48, requires a remand to the district court for resentencing in light of these factors. We reiterate to the district court and the parties our understanding of state of the law at this point:
 
 
 5
 1) The district court has discretion in applying sentencing factors, subject to review of that discretion;
 
 
 6
 2) However, an error of law is an abuse of discretion; and
 
 
 7
 3) The district court on remand may consider the full panoply of sentencing factors, subject to prior court rulings on matters of law. See Crouse, 78 F.3d at 1100-01; United States v. Duso, 42 F.3d 365, 368 (6th Cir.1994).
 
 
 8
 We trust that the district court, in considering its discretion within the binding rulings of law; and the parties, in considering their arguments and options within this framework; can come to a resolution that will not require this court to involve itself for yet a fourth time in this case.
 
 
 
 *
 Honorable Paul R. Matia, United States District Judge for the Northern District of Ohio, sitting by designation