**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Dexter O'Bryant BOND, Defendant–
Appellant.**

**No. 96–2256.**

United States Court of Appeals,
Sixth Circuit.

Submitted Dec. 15, 1998.

Decided March 15, 1999.

---

Arthur M. Fitzgerald (briefed), Bay City, Michigan, for Defendant–Appellant.

James A. Brunson, Asst. U.S. Attorney (briefed), Bay City, Michigan, Kathleen Moro Nesi, Asst. U.S. Attorney, Detroit, Michigan, for Plaintiff–Appellee.

Before: MERRITT, NORRIS, and GILMAN, Circuit Judges.

ALAN E. NORRIS, J., delivered the opinion of the court, in which GILMAN, J., joined. MERRITT, J. (pp. 1050–52), delivered a separate dissenting opinion.

## OPINION

ALAN E. NORRIS, Circuit Judge.

This appeal requires us to focus upon the latitude afforded to the district court when re-sentencing a defendant after remand. In accordance with earlier decisions of this court, we reiterate that there is "no prohibition in the guidelines, or in the case law interpreting the guidelines, keeping a district judge from revisiting the entire sentencing procedure unless restricted by the remand order." *United States v. Duso,* 42 F.3d 365, 368 (6th Cir. 1994). Because the remand order in this case did not restrict the district court from reassessing its decision with respect to defendant's criminal history, it remained free to rely upon any legitimate factors when making that determination as long as its motivation remained free of vindictiveness. Not only do we find no hint of any improper motivation on the part of the district court, we also conclude that the reasons supporting its decision to sentence defendant based upon an enhanced criminal history category fell well within its discretion. Accordingly, we affirm the sentence imposed after remand.

A jury convicted defendant and others of conspiracy, 18 U.S.C. § 371, and armed bank robbery, 18 U.S.C. § 2113(d). On appeal, this court affirmed defendant's conviction but vacated his sentence and remanded for further proceedings. *Unit-*

*ed States v. Bond,* 22 F.3d 662, 673 (6th Cir.1994).

After remand, the district court issued an opinion explaining the manner in which it re-sentenced defendant. Op. on Re-sentencing, April 25, 1996. After chronicling defendant's past criminal activity at great length, the opinion provided the following rationale for sentencing defendant as a Criminal History Category V offender, which represented an upward departure of two categories:

> [T]his court concludes that the sentence thus far calculated ... does not adequately reflect either the seriousness of the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes. The court therefore believes that Criminal History Category IV does not provide a range within which to properly sentence this defendant, who has devoted so much of his time to the pursuit of his goals by violence and gunplay, and who has directly threatened the lives of at least three other people in addition to the many who were threatened at the Savings and Loan robbed in the instant offense. The court concludes that a further departure, at least to Criminal History Category V with its range of 151–188 months, is the minimum needed to locate a proper sentence. Even this range strikes the court as insubstantial under the circumstances....

Consistent with the court of appeals opinion, it appears that no upward departure is available for this defendant beyond the foregoing calculations made in connection with the inadequate criminal history. The court believes itself without further discretionary ability to depart and believes the sentencing is to be confined to the range expressed herein. Were a higher range properly con-

sidered, it would unquestionably be used.

Op. at 7–8.

U.S.S.G. § 4A1.3, p.s. (Nov.1991),[1] permits the sentencing court to increase a defendant's criminal history category when reliable information indicates that the seriousness of defendant's past criminal conduct is not adequately reflected by the criminal history category which would otherwise apply. Moreover, the policy statement gives as an example of an appropriate upward departure the case of an individual "with an extensive record of serious, assaultive conduct who had received what might now be considered extremely lenient treatment in the past...." U.S.S.G. § 4A1.3, comment (backg'd.). This situation may arise "in the case of younger defendants (*e.g,* defendants in their early twenties or younger) who are more likely to have received repeated lenient treatment, yet who may actually pose a greater risk of serious recidivism than older defendants." *Id.* This example tracks the reasoning provided by the district court in its opinion: defendant Bond was nineteen years old when arrested; he had received lenient sentences due in part to his youth; and he had a record of serious, assaultive conduct.

■ As the Supreme Court has observed, "A district court's decision to depart from the Guidelines ... will in most cases be due substantial deference, for it embodies the traditional exercise of discretion by a sentencing court." *Koon v. United States,* 518 U.S. 81, 98, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996). This court has recently applied the abuse of discretion standard to a trial court's decision to depart upward with respect to a defendant's criminal history category. *United States v. Koeberlein,* 161 F.3d 946 (6th Cir.1998) (citing *Koon* ).

---

**1.** In this case, defendant was sentenced under the Guidelines Manual in effect as of November 1991.

■ Under the circumstances of this case, we find no abuse of discretion in the decision of the district court. First, as reflected in its opinion on re-sentencing, the trial court closely adhered to the parameters of this court's remand order. *See United States v. Moore*, 131 F.3d 595, 597–98 (6th Cir.1997) (citing *Duso* for proposition that extent of sentencing court's latitude when re-sentencing tied directly to breadth of remand order). Second, the district court properly considered, and rejected, the next higher criminal history category before electing to sentence defendant as a Category V offender. Third, the court took pains to provide detailed reasons for its decision that closely tracked the policy underlying U.S.S.G. § 4A1.3.

The sentence of defendant Bond is **affirmed**.

MERRITT, Circuit Judge, dissenting.

I dissent because I do not believe that it is fair to the defendant to increase his criminal history category at resentencing when there has been no intervening conduct to warrant a change in the category from the initial sentencing. As our earlier opinion in this case makes clear, *United States v. Bond*, 22 F.3d 662, 670 (1994), without any upward departure the defendant's sentence would have been 168 months or 14 years in prison. The court below then made a straight upward departure to 276 months or 23 years, a 9–year increase. We reversed the upward departure and sent the case back for resentencing. The court below on resentencing then departed upward by almost two years on the defendant's criminal history in order to get the sentence as high as possible.

At the initial sentencing the district court enhanced the defendant's criminal history category from category III to category IV based on prior unconvicted conduct that could not be counted under the guidelines. U.S.S.G. § 4A1.3.[1] At resentencing, the district court found that the exact same prior conduct and likelihood of recidivism warranted a criminal history category of V and sentenced defendant to 188 months.

Due process places certain limitations on resentencing. Any increase in the sentence above the sentence originally imposed must be explained. *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). In addition, the Supreme Court held in *Pearce* that there is a rebuttable presumption of judicial vindictiveness where a sentence was increased after a retrial unless the sentencing court explained in detail the reasons for the increase. The *Pearce* presumption is not simply concerned with actual vindictiveness, but is also intended to protect against a reasonable apprehension of vindictiveness that could deter a defendant from prosecuting a meritorious appeal.

In *Wasman v. United States*, 468 U.S. 559, 104 S.Ct. 3217, 82 L.Ed.2d 424 (1984), the Court expounded on *Pearce* by considering the kinds of reasons that a sentencing judge may advance to justify a more severe sentence after resentencing. *Wasman* stated that in order for the sentencing judge to impose a more severe sentence than the one initially imposed, the judge must "affirmatively identify [ ] relevant conduct or events that occurred subsequent to the original sentencing proceedings." *Id.* at 572, 104 S.Ct. 3217. The Court had already made clear in *Pearce* that the relevant conduct or events are those that throw "new light upon the defendant's 'life, health, habits, conduct, and mental and moral propensities.'" *Id.* at 573, 104 S.Ct. 3217 (quoting *Pearce*, 395 U.S. at 723, 89 S.Ct. 2072).

The court below stated on the record its intent to obtain as high a sentence as possible. This statement coupled with the

---

**1.** If reliable information indicates that the criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes, the court may consider imposing a sentence departing from the otherwise applicable guideline range.

increase in the criminal history category without any intervening conduct or event to warrant the increase gives rise to the same concerns about fairness in resentencing addressed in *Pearce*.[2] A stated intent by the district court to effectuate the initial sentence is not the intervening conduct or event envisioned by *Pearce* and *Wasman* justifying an increased sentence. *See United States v. Bello*, 767 F.2d 1065, 1069 (4th Cir.1985).

At the resentencing, the district court did not identify any conduct, event or information justifying an increase in the criminal history category from that determined at the initial sentencing. At the resentencing, the district court again went through Bond's criminal history, noting that the four points he received underrepresented his criminal past. The court again charged Bond with three additional criminal history points for "prior similar adult criminal conduct not resulting in criminal conviction." U.S.S.G. § 4A1.3(3). Adding these three points to the four points Bond already had resulted in a total of seven points for a criminal history category of IV. With an offense level of 30 and a criminal history category of IV, the sentencing range was 135 to 168 months. The district court stated on the record its belief that this range resulted in a sentence that was too low. It therefore found that category IV, which it had determined accurately reflected defendant's criminal past and tendency to recidivism in the first sentencing, was now insufficient "in view of the pervasive violence with which this defendant has been associated since an early age" and did "not accurately reflect his dangerousness or the likelihood of repeated criminal behavior." Apr. 25, 1996, Op. at 7, J.A. at 170. The district court then concluded that Category V, giving a sentencing range of 151–188 months, was the minimum needed to ensure a proper sentence. The court noted that it would go higher if it could, including sentencing defendant as a career criminal, but believed itself constrained by the court of appeals opinion. Apr. 25, 1996, Op. at 8, J.A. at 8. The court sentenced Bond to 188 months for Count II, the maximum under the guidelines for an offense level of 30 and criminal history category of V. Because the district court made it clear that it was determined to impose a sentence as high as possible and as close to the original sentence as possible, the concerns about fairness in resentencing raised in *Pearce* and *Wasman* come into play.

A defendant's criminal history category is calculated in a relatively objective, almost mathematical, manner based on very specific prior criminal conduct. Even the words used—criminal history "score" and assigning "points" for certain types of behavior—imply the application of a mathematical approach that does not lend itself to a fluctuating final number. In other words, a defendant's criminal history category generally will not change without some new evidence of prior criminal conduct that was not known at the first sentencing. Even when the criminal history category is enhanced under U.S.S.G. § 4A1.3, as was done here, it is generally a mathematical exercise of assigning points to prior criminal conduct that was not eligible to be counted under the guidelines rubric.

The guidelines were intended to give uniformity to sentencing. To achieve this end it uses a quasi-mathematical process of assigning numbers based on (1) the instant offense and (2) prior criminal conduct and then using the numbers to arrive at a sentencing range. There is discretion for upward and downward departures based on extraordinary circumstances or

---

2. Under the guidelines, the sentencing process is divided into two distinct parts in order to determine the sentence: offense level and criminal history category. This two-part sentencing process was not in effect at the time *Pearce* and *Wasman* were decided. However, given the specific nature of each component part of the current sentencing scheme, an increase in either component on resentencing, even without a higher total sentence, should raise the fairness issues and presumptions addressed in *Pearce* and *Wasman* and any such increase should be fully explained on the record.

circumstances not otherwise covered by the guidelines. The district judge here believed he was constrained by the court of appeals' opinion from upwardly departing to achieve what he thought to be a fair sentence. Op. at Resentencing at 7–8 ("Consistent with the court of appeals opinion, it appears that no upward departure is available for this defendant beyond the foregoing calculations made in connection with the inadequate criminal history. The court believes itself without further discretionary ability to depart and believes the sentencing is to be confined to the range expressed herein. Were a higher range properly considered, it would unquestionably be used."). I do not believe he was free to go around behind the barn and slip in through the back door to get the chickens. I do not believe he was free to increase defendant's criminal history category to achieve what he otherwise knew he could not do because our court had reversed his first upward departure. If not judicial vindictiveness pure and simple, it is at least judicial gamesmanship sufficient to require us to reverse once again.