RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2002 FED App. 0034P (6th Cir.)
File Name: 02a0034p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

―――――――――――

UNITED STATES OF AMERICA,
   *Plaintiff-Appellee,*

   *v.*

          No. 00-6098

RODNEY RODGERS,
   *Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of Tennessee at Memphis.
No. 99-20029—Jon Phipps McCalla, District Judge.

Argued: November 14, 2001

Decided and Filed: January 25, 2002

Before: KEITH and COLE, Circuit Judges; MARBLEY,[*]
District Judge.

―――――――――――

## COUNSEL

**ARGUED:** Robert C. Brooks, Memphis, Tennessee, for Appellant. Thomas A. Colthurst, ASSISTANT UNITED STATES ATTORNEY, Memphis, Tennessee, for Appellee.

―――――――――――

[*] The Honorable Algenon L. Marbley, United States District Judge for the Southern District of Ohio, sitting by designation.

1

**ON BRIEF:** Robert C. Brooks, Memphis, Tennessee, for Appellant.    Paul M. O'Brien, ASSISTANT UNITED STATES ATTORNEY, Memphis, Tennessee, for Appellee.

————————————

**OPINION**

————————————

ALGENON L. MARBLEY, District Judge.  Defendant-Appellant Rodney Rodgers ("Rodgers") appeals the district court's final judgment of guilt for Rodgers' possession of a controlled substance, cocaine base, with intent to distribute in violation of 21 U.S.C. § 841(a)(1).  Rodgers assigns error to the district court's denial, upon resentencing, of a reduction in his sentence for acceptance of responsibility.  Jurisdiction is proper under 28 U.S.C. § 1291.

For the following reasons, the District Court's opinion is **AFFIRMED**.

## I.  BACKGROUND

### A.  Factual Background

On May 15, 1998, members of the Memphis Police Department Organized Crime Unit observed Defendant-Appellant Rodney Rodgers engage in a drug transaction in an Exxon Station parking lot.  After the transaction was completed, Rodgers left the parking lot driving a white Cadillac.  Officers later stopped Rodgers for exceeding the posted speed limit.  He was taken into custody and placed in a police car.  Before his passenger, Brandon Pearson, was put in the patrol vehicle, the officers noticed that he was attempting to hide something in his right shoe.  They then observed a piece of a clear plastic bag sticking out of the shoe.  Pearson removed his shoe and the officers discovered what was later confirmed to be approximately twenty-five grams of crack cocaine.

Subsequently, on July 10, 1998, state officers observed a 1989 white Cadillac, driven by Rodgers, traveling at a high rate of speed across a parking lot. Rodgers cut off another car, almost causing an accident. While pursuing the Cadillac, police officers witnessed a plastic bag being thrown out of the car window by a passenger. Officers retrieved the bag and the substance therein, which later tested positive as 5.3 grams of crack cocaine. The officers stopped the vehicle, retrieved a loaded 10mm pistol from the front seat, and arrested Rodgers.

### B. Procedural History

Rodgers was indicted by a grand jury in the Western District of Tennessee on January 28, 1999 for his actions on May 15, 1998. The indictment charged one count of possession of cocaine base with the intent to distribute in violation of 21 U.S.C. § 841(a)(1). Rodgers pleaded guilty to the one-count indictment on April 26, 1999. On July 14, 1999, Rodgers was sentenced to 114 months incarceration, to be followed by four years of supervised release. The sentence did not include a reduction for acceptance of responsibility. The sentencing court denied the reduction based on Rodgers' continued criminal conduct. Discussing Rodgers' continued criminal conduct, the court relied primarily on Rodgers' July 10, 1998 state arrest, but also mentioned that Rodgers had tested positive for drug use sometime after his federal indictment. A judgment was entered on the sentence on July 22, 1999. On July 29, 1999, Rodgers filed a timely notice of appeal.

On February 1, 2000, this Court issued an order, which was entered on February 4, 2000, remanding Rodgers' case for resentencing. Specifically, the Court recognized that the district court did not have the benefit of this Court's opinion in *United States v. Jeter*, 191 F.3d 637 (6th Cir. 1999), at the time that it handed down Rodgers' original sentence. In *Jeter* we held that the relevant time period for acceptance of responsibility does not begin until the date that federal authorities indict the defendant and he becomes aware that he is subject to federal investigation and prosecution. *See id.* at

641. On the Government's motion, this Court remanded Rodgers' case for a determination of whether he was entitled to a three-level reduction under § 3E1.1 of the United States Sentencing Guidelines for acceptance of responsibility.

On July 27, 2000, following a resentencing hearing before the same district court that handed down the original sentence, the court reimposed the original sentence, again denying a reduction for acceptance of responsibility. On August 11, 2000, an Amended Judgment was entered thereon. During the resentencing hearing, the court recognized that the denial of a reduction for acceptance of responsibility in the original sentence based on Rodgers' arrest by state officials on July 10, 1998 was improper under *Jeter* because Rodgers had not yet been indicted on the federal charge at the time of that arrest. The court also recognized, however, that because the original denial of acceptance of responsibility was based on Rodgers' continued criminal conduct, the record was ambiguous as to whether the decision to deny acceptance of responsibility was premised only on the second arrest, or also on the fact that Rodgers had tested positive for drug use during his pre-trial release.[1] We presume for the purposes of this appeal that the denial of a reduction for acceptance of responsibility in the original sentence was premised only on the state arrest.

On July 28, 2000, prior to the entry of the Amended Judgment, Rodgers filed a timely notice of appeal.

---

[1] The court, during the resentencing hearing, did not correct counsel for the Defendant when he described the original sentencing as follows:

> There is an exchange between [the Government] and the Court about why the Court is denying the acceptance and the language that it used is that [the Government] says, "Right, that is why the Court is not granting acceptance is because of continual criminal conduct, if I understand the Court." And the Court responds, "Right." And, of course, that could mean the state arrest, it could be the positive drug screen, it could mean both, but it is inherently ambiguous . . . .

evidence. *Wasman v. United States*, 468 U.S. 559, 569 (1984); *Jackson*, 181 F.3d at 744-45. Rodgers has failed to meet this burden. As a threshold consideration, we note that the remand in this case was ordered on the Government's motion, which was filed after this Court issued its ruling in *Jeter*. Underlying *Pearce* is the fear that a resentencing judge will act vindictively toward a defendant who exercises his right to an appeal, and succeeds in getting his conviction set aside. Because Rodgers' resentencing after remand resulted from the Government's motion and not his own, that fear of actual vindictiveness is not present in this case.

The record is also clear that Rodgers has alleged no facts to support a finding of vindictiveness on the part of the sentencing judge. To the contrary, the only basis for his *Pearce* claim is the fact that the judge after remand, the same judge who imposed the original sentence, reimposed the original sentence based on legitimate factors. *See United States v. Duso*, 42 F.3d 365, 367-68 (6th Cir. 1994) (finding no actual vindictiveness when the judge imposed a lengthier sentence after remand than he did originally, and the resentence was based on legitimate factors that had been available to the sentencing judge at the time of the original sentence, but on which he had not originally relied). While the fact that the same judge imposed both sentences may have given rise to a presumption of vindictiveness had the judge imposed a higher sentence after remand, the imposition of the same sentence, without more, is insufficient to support a claim of actual vindictiveness.

## IV. CONCLUSION

For the foregoing reasons, this Court **HOLDS** that the district court's imposition of a sentence after remand that was the same length as the Defendant's original sentence was proper, and the judgment of the district court is hereby **AFFIRMED**.

181 F.3d 740, 745-46 (6th Cir. 1999) (citing *Wasman v. United States*, 468 U.S. 559, 563 (1984)).

In cases where the defendant ultimately receives a lower sentence at resentencing, the *Pearce* presumption of vindictiveness never arises. *Jackson*, 181 F.3d at 745 n.4; *see United States v. Smith*, No. 00-5370, 2001 WL 1216972, slip op. at *7 (6th Cir. Oct. 4, 2001) ("Because the resentence term was shorter than the original sentence, we hold that the presumption of vindictive sentencing does not apply."). Likewise, the *Pearce* presumption does not arise where the resentence term is equal to the original sentence. *See United States v. Blanton*, No. 90-5533, 1990 WL 197832, at *5 (6th Cir. Dec. 7, 1990) (finding that the *Pearce* presumption did not apply where the same total sentence was imposed after remand when the resentencing judge reduced the defendant's offense level, but then sentenced him at the high end of the sentencing range). In determining whether the resentence term is shorter than, longer than, or equal to the original sentencing term, the Court is to compare the total resentence term with the total original sentence. *Smith*, 2001 WL 1216972, slip op. at *7 (stating that this Court's past decisions have consistently compared the total resentence term with the total original sentence in determining whether the presumption of vindictiveness applied) (citations omitted); *see Bond*, 171 F.3d at 1049-50 (finding no vindictiveness when the total resentence term was shorter than the total original sentence, even though the district court increased the defendant's criminal history category during resentencing).

A comparison between the total resentence term and the total original sentence in the matter *sub judice* reveals that the two terms are identical. Therefore, the Court finds that the *Pearce* presumption of vindictiveness does not arise in this case.

### C. Actual Vindictiveness

When the *Pearce* presumption does not apply to a sentence after remand, the defendant bears the burden of showing actual vindictiveness through the presentation of direct

The issue presented on appeal is whether the district court erred in reimposing Rodgers' original sentence after remand by denying a reduction in Rodgers' sentence for acceptance of responsibility based on facts that were known to the court at the time of the original sentencing, but upon which the court did not originally rely.

## II.  STANDARD OF REVIEW

Rodgers contends that the district court's decision on remand to reimpose the original sentence, again denying a reduction for acceptance of responsibility, amounts to a violation of due process. Constitutional challenges to sentences are questions of law, subject to *de novo* review on appeal. *United States v. Jackson*, 181 F.3d 740, 743 (6th Cir. 1999).

## III.  ANALYSIS

### A.  Consideration of Factors Before Original Sentencing Court

Rodgers argues that the resentencing court erred in its consideration of facts that were before the original sentencing court, but upon which the original sentencing court did not rely. We disagree. The resentencing court acted properly in its assessment of Rodgers' sentence based on all available relevant facts, including facts that were before the original sentencing court.

When a district judge sentences a defendant after a remand, the judge is permitted to revisit the entire sentencing procedure, unless she is restricted in her review by the remand order. *United States v. Bond*, 171 F.3d 1047, 1048 (6th Cir. 1999) (citation omitted). When the remand order does not restrict the district court in its reassessment of its sentence, the court remains free to rely upon "any legitimate factors" when making its determination, as long as it rules without vindictiveness. *Id.*; *see United States v. Duso*, 42 F.3d 365, 369 (6th Cir. 1994) (recognizing that, because the sentencing guidelines allow a judge to reach the same conclusion by

relying on any one of a number of legitimate factors, a successful appeal of a sentence, resulting in a remand, may result in a Pyrrhic victory for the defendant).

This Court's remand order recognized that, pursuant to our holding in *Jeter*, the original sentencing court may have erred in denying the Defendant a reduction for acceptance of responsibility when the court relied on conduct by the Defendant that occurred prior to his federal indictment. The scope of the remand, however, was not so limited. On the Government's motion, we determined that a remand was proper "to allow the district court to determine whether the defendant is entitled to a three-level reduction for acceptance of responsibility under § 3E1.1 of the sentencing guidelines." Thus, the district court was not limited on resentencing to consider only Rodgers' second arrest to determine whether he was entitled to a three-level reduction. To the contrary, we find that, under *Bond* and *Duso*, the district judge was entitled to revisit the entire sentencing procedure, and properly did so. In particular, we find proper the district court's reliance on Rodgers' continued criminal conduct, as evidenced by his positive drug screen, as a relevant factor that impacted the length of his sentence. *See United States v. Zimmer*, 14 F.3d 286, 289 (6th Cir. 1994) (holding that the continued engagement in criminal conduct is a permissible basis for a denial of a sentence reduction for acceptance of responsibility).

### B. Reimposition of the Original Sentence After Remand

Any increase in a resentence above the original sentence imposed is presumptively vindictive, and requires an affirmative explanation by the resentencing judge, based on specific conduct or events that have taken place since the original sentence. *See North Carolina v. Pearce*, 395 U.S. 711, 725-26 (1969). Rodgers views this case as constructively identical to the situation typically governed by *Pearce*, where the resentencing judge imposes a sentence that is more severe than the original sentence. Rodgers takes this

position even though the sentence imposed after remand in this case was the same as the original sentence. His argument hinges on the fact that the Sentencing Guidelines, which did not exist at the time *Pearce* was written, require an actual decrease in the sentence when a judge finds acceptance of responsibility. Rodgers contends that there should have been a decrease in his sentence after remand because the district court found that the original denial of a reduction for acceptance of responsibility based on his state arrest was improper under *Jeter*. He asserts that if the denial was improper, then the reduction should have been granted. Because there was no actual decrease, his argument goes, there must have been some actual increase. *See United States v. Bond*, 171 F.3d 1047, 1051 n.2 (6th Cir. 1999) (Merritt, J., dissenting) (asserting that an increase in either component of the current sentencing scheme (i.e. offense level or criminal history category), even without a higher total sentence, raises the fairness issues addressed in *Pearce* and should be fully explained on the record). Therefore, Rodgers claims that the sentence imposed on remand gives rise to the *Pearce* presumption of vindictive sentencing.

Rodgers' attempt to classify a reimposition of the original sentence after remand as an increased sentence after remand conflicts with this Court's prior rulings. It is clearly established that a court violates due process when it acts vindictively and imposes a heavier sentence upon a reconvicted defendant for the purpose of punishing him for his having exercised his right to an appeal and succeeded in getting his original conviction set aside. *Pearce*, 395 U.S. at 723-24; *see Duso*, 42 F.3d at 367-69 (applying the *Pearce* rule when the defendant succeeded in getting his sentence, but not conviction, set aside). If the sentencing judge fails to provide a clear explanation on the record for the change upon resentencing as required by *Pearce*, the fact of the increase gives rise to a rebuttable presumption of vindictiveness that violates due process. Nonetheless, resentencing courts retain wide discretion in determining appropriate sentences, and may consider all the information that reasonably bears on the proper sentence for the defendant. *United States v. Jackson*,