**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Keith W. ZIEGLER, Defendant–**
**Appellant.**

No. 02–5468.

United States Court of Appeals,
Sixth Circuit.

March 17, 2003.

**802**

Before NELSON, COLE, and
GILMAN, Circuit Judges.

### ORDER

Keith W. Ziegler, a federal prisoner, appeals his conviction and sentence. The parties have expressly waived oral argument, and upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Ziegler was indicted by a grand jury on one count of possession of a firearm as a convicted felon, in violation of 18 U.S.C. §§ 922(g) and 924(e). On January 4, 2002, he pleaded guilty to the charge pursuant to a written plea agreement. Ziegler filed objections to the presentence investigation report ("PSR"), arguing, inter alia, that the enhancement under USSG § 4B1.4 for being an armed career criminal violated the constitutional principles set forth in *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). The district court overruled the objection at the sentencing hearing and sentenced Ziegler to 210 months in prison and 3 years of supervised release.

In his timely appeal, Ziegler reasserts his *Apprendi* argument. The essence of Ziegler's argument appears to be that his status as an armed career criminal should have been determined at a trial, rather than at sentencing, because that fact increased his statutory sentencing range

from 0 to 10 years in prison to 15 years to life. *See* 18 U.S.C. § 924(a)(2) and (e). Ziegler acknowledges that, under *Apprendi,* "the fact of a prior conviction" is an exception to the rule that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. But Ziegler points out that the Court commented that the exception was based on a previous case, *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), which may have been incorrectly decided. *Apprendi,* 530 U.S. at 487 and 489–90. In *Almendarez–Torres,* the Court permitted the imposition of an enhanced penalty upon an unlawfully returning alien with three prior felonies, even though those convictions were not listed in the indictment. 523 U.S. at 227–48.

Upon de novo review, we conclude that the district court's judgment must be affirmed. *See United States v. Rodgers,* 278 F.3d 599, 602 (6th Cir.), *cert. denied,* 535 U.S. 946, 122 S.Ct. 1337, 152 L.Ed.2d 242 (2002).

First, Ziegler admits as he must that the fact of a prior conviction is merely a sentencing factor that does not need to be proven beyond a reasonable doubt. Second, in *United States v. Matthews,* 278 F.3d 560, 563 (6th Cir.), *cert. denied,* 535 U.S. 1087, 122 S.Ct. 1991, 152 L.Ed.2d 1038 (2002), this court declined to hold that the Armed Career Criminal Act was unconstitutional or that *Apprendi* overruled *Almendarez–Torres.* Third, unlike the indictment in *Almendarez–Torres,* Ziegler's indictment listed his past felony convictions. The government again mentioned Ziegler's convictions at the plea hearing when giving the factual basis for the instant offense and Ziegler did not contest them.

Accordingly, the district court's judgment is affirmed.