BERNICE B. DONALD, Circuit Judge,
concurring in the judgment.
I concur in the majority’s decision to affirm the district court’s imposition of a higher sentence on remand. However, because I disagree with the majority’s decision to apply the plain error standard of review, I write separately.
Plain error review is reserved for situations in which the appellant did not preserve an issue for appeal by raising the claim below. See e.g., United States v. Mayberry, 540 F.3d 506, 512 (6th Cir. 2008). Although the parties dispute whether the issue was preserved, the majority opinion, without any analysis, states that “[bjecause Johnson failed to raise vindictiveness at his resentencing hearing, however, plain error review applies.” I do not agree that Johnson failed to preserve the issue presented for appeal.
During the resentencing hearing, Johnson’s counsel sought, a fifteen year sentence on the grounds that the sentencing enhancement under U.S.S.G. § 2G2.2(b)(5) does not apply and that the 18 U.S.C. § 3553 factors indicated a downward departure. When the court did not accept these arguments, counsel .said “[wjell, we would certainly ask you not to impose 40 months more than you did the first time he was in front of you ... because originally you sentenced him to 320 months.” The court responded by considering how the sentencing enhancement changed the Guidelines calculation. Again, counsel addressed the disparity between the two sentences, noting that nothing had changed and that the judge previously stated that 320 months was a “long sentence.” Soon after, counsel said, “I just want to be sure our objections are noted for the record on the enhancement and also,” but. the remaining comment was cut off by questions concerning the enhancement. After a brief discussion on the enhancement, the court asked, “Any other objections other than what has already been stated?” and counsel responded, “No.” In my view, counsel clearly preserved Johnson’s claim that the court unreasonably imposed a higher sentence on remand.
I see no reason why we would require the word “vindictiveness” in the present context, as the majority opinion implies. I believe the majority errs concerning the difference between the claim itself and the legal presumptions this court uses to review such claims.' When district courts resentence defendants on remand, there is such a high risk of improper motivation that the Supreme Court has imposed a presumption of vindictiveness to situations where the same judge is asked to “do[] over what it thought it had already done correctly” and chooses a higher sentence than it did the first time. Alabama v. Smith, 490 U.S. 794, 798-802, 109 S.Ct. 2201, 104 L.Ed.2d 865 (1989) (internal quotations omitted). The claim Johnson makes, then, is that the district court improperly. imposed a higher sentence on remand; “vindictiveness” is the legal presumption we use to review the claim. We do not require defendants to mention our presumptions in other contexts in order to preserve a claim. For example, if a habe-as petitioner argues that trial counsel did not call an alibi witness, we do not require *184 the defendant to mention the presumption of attorney effectiveness to preserve the right to appeal. Likewise, if a criminal defendant argues at sentencing that the district court should impose a different sentence, we do not require the defendant to mention the presumption of reasonableness for within Guidelines sentences.
We have also warned that “[t]he preservation of constitutional objections should not rest on magic words.” United States v. Humphrey, 287 F.3d 422, 445 (6th Cir. 2002) overruled on other grounds in United States v. Leachman, 309 F.3d 377, 381— 83 (6th Cir.2002). In Humphrey, we found that counsel preserved an Apprendi issue without uttering the word “Appren-di” merely by objecting to the drug quantity calculation and the standard of evidence used. Id. at 445. We have come to similar conclusions in other situations. E.g., United States v. Strayhorn, 250 F.3d 462, 467 (6th Cir.2001), overruled on other grounds in Leachman, 309 F.3d at 381-83 (“Although [the defendant] did not utter the words ‘due process’ at [the sentencing hearing], he made it well known that he disputed the district court’s factual finding with respect to drug quantity.”). Likewise, in the present case, Johnson’s counsel made it well known that Johnson objected to receiving a higher sentence on remand, whether or not counsel uttered the magic word “vindictiveness.”
To be clear, I do not suggest that a defendant may preserve an issue with no specificity whatsoever. When an objection is too generic to apprise the district court of its substance such that the court has no opportunity to correct the purported error, the issue has not been preserved. United States v. Simmons, 587 F.3d 348, 358 (6th Cir.2009). In Simmons, for example, when the district court asked if there were any objections, counsel responded “Your Honor, I object just for the record for the procedural, substantive aspects.” Id. at 355. This was too general to alert the court of the defendant’s claims that the judge failed to consider whether drug treatment would be available or that the court failed to address the defendant’s pre-sentencing arguments that disparate treatment between powder and crack cocaine warranted a downward departure. Id. at 355-58. The objection in Simmons was far more generic than the one here and even with that level of generality, one judge dissented that it was sufficient to preserve the issue because it brought the “procedural issues” to the court’s attention. Id. at 368 (Clay, J., dissenting).
The Supreme Court has also indicated that the context and “sequence of events” in which a party raises or fails to raise an objection are relevant to our determination of whether an issue is preserved for appeal. See Osborne v. Ohio, 495 U.S. 103, 123-25, 110 S.Ct. 1691, 109 L.Ed.2d 98 (1990). Here, the district court was aware of the objection to a longer sentence on remand and responded with thoughts on what justified the increase, which is exactly what the court would have done had the objection been more specific. If the purpose of plain error doctrine is to allow the district court to correct any error, it had sufficient opportunity to do so.
I would apply the de novo standard we normally use for constitutional challenges to sentences. See United States v. Rodgers, 278 F.3d 599, 602 (6th Cir.2002). Even under de novo review, however, Johnson’s claim fails because the district court’s determination that the U.S.S.G. § 2G2.2(b)(5) sentencing enhancement applies was sufficient to overcome the presumption of vindictiveness. See Alabama v. Smith, 490 U.S. at 799, 109 S.Ct. 2201. Therefore, I concur in the judgment.