NOT RECOMMENDED FOR PUBLICATION
File Name: 21a0293n.06

Case No. 19-4168

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE NORTHERN DISTRICT OF |
| CARL PENNY, | ) | OHIO |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

**FILED**
Jun 21, 2021
DEBORAH S. HUNT, Clerk

BEFORE: BATCHELDER, KETHLEDGE, and THAPAR, Circuit Judges.

THAPAR, Circuit Judge. A district court sentenced Carl Penny to 97 months in prison on a cocaine charge. Penny appealed, and we held that the court had committed procedural error at sentencing. On remand, the court corrected the error but imposed the same sentence. Penny now challenges that sentence as vindictive and substantively unreasonable. We affirm.

I.

Carl Penny trafficked cocaine and heroin. DEA agents caught him with over $100,000 in cash in the trunk of his car, along with 19 rounds of ammunition. He pled guilty to conspiracy to possess cocaine with intent to distribute, and a district judge sentenced him to 97 months in prison.

We vacated Penny's original sentence. We explained that Penny was eligible to be sentenced under a so-called "safety valve" provision that gives judges the discretion to impose a

sentence below the statutory minimum. *United States v. Penny*, 777 F. App'x 142, 146–47 (6th Cir. 2019); *see also* 18 U.S.C. § 3553(f). And that matters even if the judge chooses not to exercise that discretion, because defendants who qualify for a safety-valve sentence also qualify for a two-level reduction in the offense level used to calculate their guideline sentencing range. *See* U.S.S.G. § 5C1.2(a). Since the district judge incorrectly determined that Penny did not qualify under the safety-valve provision, he miscalculated Penny's offense level. *Penny*, 777 F. App'x at 147. Thus, we remanded the case for resentencing.

On remand, the district judge recalculated the guideline range, this time accounting for the two-level safety-valve reduction.[*] But the new sentence was the same: 97 months.

II.

Penny argues that his sentence was (1) imposed vindictively, and (2) substantively unreasonable. We disagree.

A court may not punish a defendant for a successful appeal by imposing a vindictive sentence on remand. A rebuttable presumption of vindictiveness can arise when the court increases the duration of a defendant's sentence the second time around. *See North Carolina v. Pearce*, 395 U.S. 711, 725–26 (1969). But if the sentences are the same, there's no presumption, and the defendant must offer affirmative proof that the court acted vindictively. *See United States v. Rodgers*, 278 F.3d 599, 604 (6th Cir. 2002).

Penny acknowledges that the district court imposed the "exact same sentence" on remand as it had before. Appellant Br. at 12. But he says the court should have reduced the sentence to

---

[*] It appears that the court may have miscalculated the offense level on remand, for reasons unrelated to the safety-valve reduction. The government noted this issue in its appellate brief. But Penny has not raised it, so we will not consider it further.

reflect the extra safety-valve reduction in his offense level under the guidelines. Thus, in Penny's view, the same 97-month prison term "amounts in effect to a greater sentence." *Id.* at 15.

That is not so. While courts do consider the guideline range in imposing a sentence, their ultimate responsibility is to impose a sentence that is "sufficient, but not greater than necessary" to achieve the sentencing goals identified by Congress. 18 U.S.C. § 3553(a). Thus, if a judge concludes that a guideline sentence is either too harsh or too lenient to achieve the statutory sentencing objectives, he must vary from the guidelines and impose a different sentence. That's what happened here. At Penny's original sentencing hearing, the judge explained that the § 3553(a) sentencing factors required him to impose an above-guidelines sentence of 97 months. On remand, the judge recalculated the guideline range but continued to believe that a 97-month sentence best achieved the sentencing objectives. The judge's view of the appropriate sentence was consistent—and this consistency does not, without more, suggest spite or malice. That is why we have repeatedly explained that the presumption of vindictiveness does not apply when the "total resentence term" and the "total original sentence" are the same. *Rodgers*, 278 F.3d at 604 (citing cases).

Since Penny cannot benefit from a presumption of vindictiveness, he must present evidence that the court acted vindictively on remand. But he has offered none, and we find none in the record. On the contrary, the district judge offered a thorough explanation for his decision to again impose an above-guidelines sentence of 97 months. He described the circumstances of Penny's crime and explained that the guidelines were "woefully inadequate" to achieve the statutory sentencing goals described in § 3553(a)(2). R. 209, Pg. ID 1867–70. There is no evidence that vindictiveness motivated the judge's conclusion that 97 months was an appropriate sentence.

And that conclusion was not substantively unreasonable. Penny says the court abused its discretion by (1) failing to explain why Penny should receive the same sentence on remand given the safety-valve reduction, (2) failing to consider evidence of his rehabilitation in prison, and (3) giving an unreasonable amount of weight to one factor—the "need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." *See* 18 U.S.C. § 3553(a)(2)(A). The transcript of the sentencing hearing reflects otherwise.

First, the judge provided a detailed explanation of why he continued to find a 97-month sentence appropriate, given the extent of Penny's involvement in the cocaine and heroin trade. Second, he *did* consider "the fact that [Penny] has apparently done well while in custody" but found that fact to be outweighed by the scale and reach of Penny's drug trafficking. R. 209, Pg. ID 1873. Third, he did not give undue weight to one factor. In addition to considering the seriousness of the offense, the judge explained that two other factors—the need for "adequate deterrence" and especially the need to "protect the public"—played large roles in his analysis. *Id.* at Pg. ID 1869–70, 1873; *see also* 18 U.S.C. § 3553(a)(2)(B)–(C). And in any event, "[d]istrict courts may place great weight on one sentencing factor when that weight is warranted." *United States v. Wright*, 991 F.3d 717, 719 (6th Cir. 2021) (cleaned up). Since the judge provided a careful and thorough analysis of the applicable sentencing factors and arrived at a substantively reasonable sentence, there was no abuse of discretion.

We affirm.