NOT RECOMMENDED FOR PUBLICATION
File Name: 06a0508n.06
Filed: July 20, 2006

No. 05-6461

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.                               On Appeal from the United
                                      States District Court for the Western
GILDARDO YBARRA-MORENO,       District of Tennessee

     Defendant-Appellant.

_____/

BEFORE:    RYAN and COOK, Circuit Judges; and FORESTER, District Judge.[*]

     RYAN, Circuit Judge     The defendant, Gildardo Ybarra-Moreno, appeals the

sentence he received after pleading guilty to being an alien in the United States after

having been previously deported, in violation of 8 U.S.C. § 1326(a). Ybarra-Moreno argues

that, at sentencing, the district court violated his Sixth Amendment rights by applying a 16-

level enhancement, pursuant to U.S.S.G. § 2L1.2(b)(1)(A), and that his sentence is

unreasonable. We reject Ybarra-Moreno's arguments and **AFFIRM** the district court's

judgment.

**I.**

     On September 8, 2005, the district court held a sentencing hearing and noted that

the Sentencing Guidelines were advisory. Under U.S.S.G. § 2L1.2(a), Ybarra-Moreno's

---

[*]The Honorable Karl S. Forester, United States District Judge for the Eastern District of
Kentucky, sitting by designation.

base offense level was 8. The presentence report recommended that the court add 16 levels pursuant to § 2L1.2(b)(1)(A) because Ybarra-Moreno was previously convicted of a felony involving human trafficking or alien smuggling. With the 16-level enhancement, the Advisory Guidelines range was 57 to 71 months' imprisonment.

Ybarra-Moreno argued that the 16-level enhancement was unconstitutional under United States v. Booker, 543 U.S. 220 (2005), because he never admitted, and a jury never found, that he was previously convicted of an aggravated felony. He also argued that a sentence within the Guidelines range of 57 to 71 months would be unreasonable in light of the 18 U.S.C. § 3553(a) factors, including unwarranted sentence disparity. In support of that argument, Ybarra-Moreno noted that "fast track" legislation has been used in federal courts sitting in many border states to reduce offense levels for illegal reentry convictions.

After first noting that there is no "fast track" program in federal courts sitting in Tennessee, the district court addressed Ybarra-Moreno's criminal history. The court observed that on one hand, Ybarra-Moreno's offense was more serious than most illegal reentry cases because he not only illegally entered the United States on multiple occasions, he also brought 18 other people into the country and committed crimes each time he was in the United States. On the other hand, the court added, it might be argued that the Guidelines range is too high because most of Ybarra-Moreno's crimes were for traffic offenses. The court reasoned that a sentence "slightly below" the bottom of the Guidelines range was appropriate and sentenced Ybarra-Moreno to 54 months' imprisonment.

**II.**

We review Ybarra-Moreno's constitutional challenge de novo, United States v. Rodgers, 278 F.3d 599, 602 (6th Cir. 2002), and then review his sentence for reasonableness, see United States v. Gibson, 409 F.3d 325, 338-39 (6th Cir. 2005).

**III.**

Ybarra-Moreno argues that the district court violated his Sixth Amendment rights by applying a 16-level enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(A), because the prior aggravated felony conviction which triggered the enhancement is an element of the offense for which he was sentenced, and its underlying facts were not alleged in the indictment and were neither admitted nor found by a jury. According to Ybarra-Moreno, the statutory maximum for his sentence is two years under 8 U.S.C. § 1326(a), because the indictment did not charge that he had been previously convicted of an aggravated felony offense.

In Almendarez-Torres v. United States, 523 U.S. 224 (1998), the Supreme Court held that "Congress intended to set forth a sentencing factor in [8 U.S.C. § 1326(b)(2)] and not a separate criminal offense." Id. at 235. Therefore, an aggravated felony need not be alleged in the indictment in order to be considered in sentencing a defendant pursuant to 8 U.S.C. § 1326(b)(2). See id. at 228. As Ybarra-Moreno acknowledges, Almendarez-Torres is still good law and forecloses his argument, but he would like this court to disregard it. We are not free to do so.

**IV.**

Ybarra-Moreno also argues that his sentence of 54 months' imprisonment is unreasonable under Booker because the district court considered the Guidelines presumptively reasonable and failed to give equal weight to the other 18 U.S.C. § 3553(a) factors. Ybarra-Moreno's argument is without merit given our decision in United States v.

Williams, 436 F.3d 706 (6th Cir. 2006).  The district court explicitly considered the relevant § 3553(a) factors, including the nature of Ybarra-Moreno's criminal history and the question of unwarranted sentence disparity, and then imposed a sentence slightly below the applicable Advisory Guidelines range.  We think the sentence is reasonable.

**V.**

For the reasons above, we **AFFIRM** the district court's sentence of 54 months' imprisonment.