**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 07a0288n.06
Filed: April 25, 2007

**No. 05-6737**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | ON APPEAL FROM THE |
| *Plaintiff-Appellee*, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| v. | ) | DISTRICT OF TENNESSEE |
| | ) | |
| **BARRY LAMAR WHITE, JR.,** | ) | **O P I N I O N** |
| | ) | |
| *Defendant-Appellant*. | ) | |

BEFORE:    GUY, COLE, and McKEAGUE, Circuit Judges.

**McKEAGUE, Circuit Judge.**  On appeal, defendant challenges the denial of his motion to suppress and his sentence.  For the reasons that follow, we affirm the district court.

## I.  BACKGROUND

On the evening of February 24, 2004, eight metro narcotics officers and three patrol officers, all from the Jackson, Tennessee police department, executed a search warrant for defendant's home. Six officers participated in the initial entry of the house.  The first officer ran up to the house and onto the screened-in porch, which had no door, knocked on the door of the house, and announced, "Police.  Search Warrant."  As the next five officers came up to the door, they also announced, "Police."  Receiving no response after ten to twenty seconds, and discovering the door to be unlocked, the officers opened the door and entered the house.  They found themselves in the living

room, where defendant was simply sitting on the couch. Also in the house was defendant's teenaged nephew; when the officers entered, he was in the area behind the living room, walking out of the kitchen.

In the course of the search, which took approximately one hour, the officers discovered firearms. They then arrested defendant and brought him back to the police department, where he waived his *Miranda* rights and made a statement admitting that he had been in possession of the firearms. He was charged in federal court with being a convicted felon in possession of a firearm in violation of 18 U.S.C. § 922(g). He filed a motion to suppress the evidence found during the search, which the district court denied. Thereafter, he entered a plea of guilty to being a felon in possession of a firearm, which, pursuant to Federal Rule of Criminal Procedure 11(a)(2), was conditioned on his right to appeal the denial of the motion to suppress. He then filed this appeal, contesting the denial of the motion to suppress as well as the district court's findings at sentencing regarding his prior criminal convictions.

## II.  KNOCK-AND-ANNOUNCE REQUIREMENT

As this court explained in *United States v. Garrido*, 467 F.3d 971 (6th Cir. 2006),

> We review the denial of a motion to suppress *de novo*, but will accept the district court's factual findings unless they are clearly erroneous. A factual finding "is clearly erroneous when the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Furthermore, we accord "deference to the district court's assessment of credibility inasmuch as the court was in the best position to make such a determination." The evidence must be considered in the light most favorable to the party that prevailed in the court below—in this case, the government.

*Id.* at 977 (citations omitted) (citing *United States v. Richardson*, 385 F.3d 625, 629 (6th Cir. 2004);

quoting *Tran v. Gonzales*, 447 F.3d 937, 943 (6th Cir. 2006); *United States v. Hill*, 195 F.3d 258,

264-65 (6th Cir. 1999)).

Defendant argues that the district court erred in denying his motion to suppress because the

evidence does not support the court's finding that the officers knocked and announced before

entering the house. He bases this argument in part on the fact that the officers' testimony

contradicted that of defendant and his nephew. However, the district court found this testimony not

to be credible, and this court defers to the district court's credibility determinations.

Defendant also asserts that Investigator Mark Byrum testified to the effect that he opened the

door immediately after knocking. This is not true. He actually testified,

> We knocked and announced one time, paused briefly, checked to see if the door was
> unlocked or if we needed to breach the door. We found out the door was unlocked,
> and we announced again and then entered.
> . . . .
> [After knocking it took] over ten seconds to actually opening [*sic*] the door;
> and then we announced again before entering.
> . . . .
> [After knocking] [w]e could hear something, which later turned out to be the
> television, but no voices or anything of that nature.

Transcript at 43-44. Byrum's testimony is consistent with that of Officer Matthew Hardaway, and

with the district court's conclusion that the officers did not enter until they had received no response

ten to twenty seconds after first knocking. The "entire evidence" supports the district court's finding

that the officers properly knocked and announced, and this finding therefore is not clearly erroneous.

Moreover, even if the officers had failed to knock and announce, defendant would not be entitled to suppression of the evidence. As defendant notes, the Supreme Court recently decided in *Hudson v. Michigan*, 126 S. Ct. 2159, 2168 (2006), that where police executing a search warrant fail to knock and announce their presence, "[r]esort to the massive remedy of suppressing evidence of guilt is unjustified." Defendant argues, however, that the exclusionary rule *should* apply where the failure to knock and announce violates not merely a defendant's Fourth Amendment rights, but also the federal knock-and-announce statute. That statute provides,

> The officer may break open any outer or inner door or window of a house, or any part of a house, or anything therein, to execute a search warrant, if, after notice of his authority and purpose, he is refused admittance or when necessary to liberate himself or a person aiding him in the execution of the warrant.

18 U.S.C. § 3109. However, defendant overlooks the fact that although the conviction in this case was obtained in federal court, the officers executing the search warrant were city policemen, not federal officers. "The statute in question regulates only federal officers . . . and has no application when 'state officers, acting totally without federal involvement, seize evidence that is later offered in a federal prosecution . . . .'" *United States v. Gatewood*, 60 F.3d 248, 249 (6th Cir. 1995) (quoting *United States v. Moore*, 956 F.2d 843, 847 (8th Cir. 1992)). The situation here thus falls under the rule in *Hudson*, and the exclusionary rule does not apply. The district court's denial of the motion to suppress was proper.

### III. PREVIOUS CONVICTIONS ON DIFFERENT OCCASIONS

This court reviews *de novo* the district court's determination that offenses were "committed on occasions different from one another" under 18 U.S.C. § 924(e)(1). *United States v. Hill*, 440

F.3d 292, 295 (6th Cir. 2006). A person who is convicted for being a felon in possession of a firearm and

> has three previous convictions by any court referred to in section 922(g)(1) of this title [18 U.S.C. § 922(g)(1)] for a violent felony or a serious drug offense, or both, committed on occasions different from one another . . . shall be fined under this title and imprisoned not less than fifteen years . . . .

18 U.S.C. § 924(e)(1).

Defendant contends that the district court improperly applied this provision, also known as the Armed Career Criminal Act, because although he had four prior convictions for serious drug offenses, they did not occur on different occasions. He bases this argument on the facts that he was not arrested until after he committed all four offenses, all four were "disposed of in a single court hearing," and the sentences for the offenses were concurrent, rather than consecutive. None of these facts is relevant to the determination of whether the offenses were committed on different occasions. *United States v. Anderson*, 76 F.3d 685, 691 (6th Cir. 1996) ("[D]efendant's receipt of concurrent sentences for these three prior felony drug convictions does not mean that the convictions were part of the same criminal episode."); *United States v. Roach*, 958 F.2d 679, 683 (6th Cir. 1992) (criminal episodes separate although "all of the convictions occurred on the same date and stemmed from the same indictment"); *James v. United States*, No. 03-6250, 2007 U.S. App. LEXIS 3506, at *25-26 (6th Cir. Feb. 12, 2007) (convictions separate although they resulted in a single arrest) (citing *United States v. Brady*, 988 F.2d 664, 666 (6th Cir. 2002)).

In *Hill*, this court identified three indicia of whether offenses were committed on different occasions: (1) "if it is possible to discern the point at which the first offense is completed, and the

subsequent point at which the second offense begins"; (2) "if it would have been possible for the offender to cease his criminal conduct after the first offense, and withdraw without committing the second offense"; and (3) "if the offenses are committed in different residences or business locations." 440 F.3d at 297-98. In this case, defendant's prior convictions were for delivery of cocaine in violation of Tenn. Code Ann. § 39-17-417(a)(2) on July 28, 1994; the same on August 2, 1994; and possession of cocaine with intent to sell in violation of § 39-17-417(a)(4), and delivery of cocaine, on October 4, 1994.

The three delivery of cocaine offenses occurred at least several days apart. In view of this fact, defendant does not, and could not reasonably, contest that it would have been logically possible for him to cease selling cocaine after one sale without engaging in another, nor that there was a discernible point at which one sale was completed and another had not yet begun. The pre-sentence investigation report does not reveal the location of the offenses, but this factor would appear to be principally relevant in analyzing the separability of immediately consecutive offenses. *See, e.g.*, *United States v. Thomas*, 211 F.3d 316, 321 (6th Cir. 2000); *United States v. Murphy*, 107 F.3d 1199, 1208, 1210 (6th Cir. 1997). Sales of cocaine separated by days or even months could not logically be a single offense regardless of their location. The district court thus correctly found that the three delivery of cocaine offenses occurred on occasions different from one another. Because only three prior convictions are required under the ACCA, this court need not address whether the delivery of cocaine and possession of cocaine with intent to sell on October 4, 1994, were also separate offenses.

## IV. JUDICIAL FACTFINDING

"Constitutional challenges to sentences are questions of law, subject to *de novo* review on appeal." *United States v. Rogers*, 278 F.3d 599, 602 (6th Cir. 2002). Defendant contends that his sentencing as an armed career criminal violated his Sixth Amendment rights because the district court made factual findings that he had prior convictions for controlled substance offenses. However, the district court's decision is supported by the Supreme Court's consistent holding that "[*o*]*ther than the fact of a prior conviction*, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."[1] *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000) (emphasis added), *quoted in Blakely v. Washington*, 542 U.S. 296, 301 (2004); *United States v. Booker*, 543 U.S. 220, 227-28 (2005).

This holding is embodied in the Supreme Court's so-called "categorical rule" for determining whether prior convictions qualify for sentencing under § 924(e)(1). That rule provides that "a later court determining the character of an admitted burglary is generally limited to examining the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any

---

[1]Defendant bases his argument instead on suggestions by Justice Thomas that the holding in *Almendarez-Torres v. United States*, 523 U.S. 244 (1998), is ripe for reversal. This court has already rejected that argument. In *Hill*, the defendant likewise argued that Justice Thomas' concurrence in *Shepard v. United States*, 544 U.S. 13 (2005), "casts doubt upon" the conclusion that findings of prior convictions under § 924(e) do not violate the Sixth Amendment,

> presumably because [the concurrence] raises questions about the continued viability of the exception in *Apprendi* for prior convictions. We reject that assertion, since the Supreme Court has repeatedly stressed that 'if the precedent of this Court has direct application in a case, yet appears to rest on reasons rejected in some other line of decisions, the Court of Appeals should follow the case which directly controls, leaving to this Court the prerogative of overruling its own decisions.'"

440 F.3d at 299 n.3 (quoting *Tenet v. Doe*, 544 U.S. 1, 10-11 (2005)).

explicit factual finding by the trial judge to which the defendant assented," and may not "look to police reports or complaint applications to determine" whether a prior offense qualifies a defendant for armed career criminal sentencing. *Shepard v. United States*, 544 U.S. 13, 15 (2005). The *Shepard* rule also applies to qualifying offenses under § 924(e)(1) other than burglaries. *Id.* at 17 n.2; *see also United States v. Sanders*, 404 F.3d 980, 988 (6th Cir. 2005). Defendant does not allege that the district court here considered forbidden materials in determining that his prior convictions qualified as violent felonies or serious drug offenses under § 924(e)(1). The court's findings regarding his prior convictions therefore did not violate his Sixth Amendment rights.

## V. CONCLUSION

For these reasons, defendant's conviction and sentence are **AFFIRMED**.