NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 15a0508n.06

No. 14-3409

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Jul 20, 2015
DEBORAH S. HUNT, Clerk

UNITED STATES OF AMERICA,

    *Plaintiff–Appellee*,

v.

RONALD S. RIVERA,

    *Defendant–Appellant*.

)
)
)
)
)
)
)
)
)
)
)

ON APPEAL FROM THE UNITED
STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OHIO

---

Before: BOGGS, SUHRHEINRICH, and WHITE, Circuit Judges;

BOGGS, Circuit Judge. Defendant-Appellant Ronald Rivera pleaded guilty to being a felon in possession of a firearm and to possessing an unregistered and unlawfully modified firearm. The district court sentenced Rivera as an armed career criminal under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e); U.S.S.G. § 4B1.4, to a total of 200 months of imprisonment to run consecutively to a two-year state sentence. Rivera timely appeals, arguing that he does not qualify as an armed career criminal, that his federal sentence should run concurrently with his state sentence, and that he was denied effective assistance of counsel. In light of the Supreme Court's recent decision in *Johnson v. United States*, No. 13-7120, 2015 WL 2473450, at *11 (U.S. June 26, 2015), we reverse as to Rivera's designation as an armed career criminal and remand for resentencing. We affirm the imposition of a consecutive, rather than

1

concurrent, sentence and decline to address the merits of the ineffective-assistance claim on direct appeal.

## I.    Background

United States Marshals Service officers were searching for Ronald Rivera, an escaped fugitive, in January 2013.  On January 17, 2013, Marshals Service officers, alerted by a tip, observed Rivera leave a vehicle and enter a room at the Econo Lodge Motel in Elyria, Ohio.  The officers made a forced entry into the room and found Rivera, two females—Dawn Cassidy and Tracy Guest—and, in plain view, drug-related contraband.[1]  After arresting Rivera, the officers conducted a protective sweep of the room and found an illegal short-barrel shotgun and six rounds of ammunition in the bedroom closet.[2] The shotgun was not registered to Rivera in the National Firearm Registration and Transfer Record and was manufactured outside of Ohio.

Rivera was indicted for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and for possessing an unregistered shotgun with an illegally modified barrel, in violation of 26 U.S.C. § 5861.  He was also alleged to be an armed career criminal as defined under 18 U.S.C. § 924(e) on the basis of having three prior violent-felony convictions: (1) assault against police officers, (2) domestic violence, felonious assault, and abduction, and (3) third-degree failure to comply with an order or signal of a police officer.  Rivera pleaded guilty to the two firearm charges, without a plea agreement, and reserved the right to challenge the armed-career-criminal designation.

---

[1] This evidence includes hypodermic needles, a crack pipe with cocaine residue, a marijuana grinder, two digital scales, and two spoons with cotton balls soaked with heroin.

[2] It is unlawful to transport in interstate or foreign commerce a shotgun with a barrel that measures less than 18 inches or an overall length that measures less than 26 inches.  18 U.S.C. § 922; 26 U.S.C. §§ 5845(b), 5861. Rivera's shotgun barrel was modified to measure 14.5 inches.

Rivera's sentencing memorandum argued that he is not an armed career criminal because the third-degree failure-to-comply conviction was not a violent felony within the meaning of the ACCA. The district court disagreed and designated Rivera an armed career criminal.

On November 21, 2013, Rivera's attorney moved to withdraw, and Rivera moved for new counsel because Rivera believed that his attorney provided ineffective representation by failing to advise him of the potential consequences of his plea and by failing to move to suppress the firearm evidence. The district court granted both motions and approved new counsel to represent Rivera. Rivera filed a motion to withdraw his guilty plea on February 4, 2014, which the district court denied.

The district court sentenced Rivera based on his armed-career-criminal status to 200 months of imprisonment for being a felon in possession and to 120 months in prison for possessing an unregistered firearm, to be served concurrently. Rivera also had a two-year undischarged state sentence for escape. The district court held that he must serve his federal sentence consecutively to his state sentence. Rivera timely appeals, arguing that he is not an armed career criminal; that he should serve his two-year state sentence concurrently with, rather than consecutively to, his federal sentence; and that he was deprived of the effective assistance of counsel.

## II.    Discussion

### A

Under the ACCA, an individual who violates § 922(g)(1) and has three previous convictions for a violent felony is subject to a mandatory minimum penalty of 15 years of imprisonment and sentencing enhancements under U.S.S.G § 4B1.4.[3] *See* 18 U.S.C. § 924(e)(1). The statute defines violent felony as follows:

---

[3] U.S.S.G § 4B1.4 provides, in relevant part, that "[t]he offense level for an armed career criminal is . . . 34, if the firearm possessed by the defendant was the type described in 26 U.S.C. § 5845(a)," and "[t]he criminal history

(B) the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year . . . that −

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or

> ii) is burglary, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another* . . . .

*Id.* § 924(e)(2)(B) (emphasis added). The italicized portion is known as the residual clause.

Rivera was convicted of assaulting two police officers in 1995 and of feloniously assaulting, abducting, and committing domestic violence in 2004. These two convictions are violent felonies under the ACCA because they both include a physical-force element. In 2004, Rivera was also convicted of third-degree failure to comply with an order or signal of a police officer under Ohio state law, which involves vehicular flight—after receiving a signal from the police—that causes actual or substantial risk of "serious physical harm to persons or property." O.R.C. § 2921.331(C)(5)(a). Rivera contested the classification of the failure-to-comply offense as a violent felony because the disjunctive use of "or" indicates that he could have been convicted for causing substantial risk of physical harm to property, rather than persons. The district court disagreed, citing *Sykes v. United States*, 131 S. Ct. 2267, 2276 (2011), and concluded that the offense was a violent felony under the residual clause. But the Supreme Court recently overruled *Sykes* and held that the residual clause is unconstitutionally vague. *Johnson*, 2015 WL 2473450, at *11.

---

category for an armed career criminal is . . . Category VI, . . . if the firearm possessed by the defendant was of a type described in 26 U.S.C. § 5845(a)." A shotgun falls the under 26 U.S.C. § 5845(a) if it has a barrel or barrels of less than 18 inches in length. The district court calculated that Rivera's armed-career-criminal designation and possession of a short-barreled shotgun gave him a base offense level of 34 for his felon-in-possession violation and a criminal-history category of VI. *See* U.S.S.G § 4B1.4. He was given a three-level reduction for accepting responsibility, and was sentenced based on an offense level of 31 and a criminal-history category of VI, which corresponded to a recommended term of imprisonment of between 188 to 235 months.

Accordingly, third-degree failure to comply cannot constitute a violent felony on the basis of the now-void residual clause. In a supplemental-authority letter citing *Johnson*, the government concedes "that under the specific facts of this case, the defendant does not have three predicate offenses that qualify him as an Armed Career Criminal." We thus remand to the district court for resentencing.

**B**

Rivera also contends that the district court improperly sentenced him to serve a sentence that would run consecutively, rather than concurrently, with his state-court sentence.

We ordinarily review for abuse of discretion a district court's decision to impose a concurrent or consecutive sentence. *Setser v. United States*, 132 S. Ct. 1463, 1473 (2012). However, when the district court imposed its sentence and asked Rivera's defense counsel if there were any objections, defense counsel objected only to Rivera being sentenced as an armed career criminal, and not to the consecutive sentence. Because defense counsel failed to "object with that reasonable degree of specificity which would have adequately apprised the trial court of the true basis for his objection," we review Rivera's challenge for plain error. *United States v. Prater*, 766 F.3d 501, 506 (6th Cir. 2014). An appellant demonstrates plain error only if he shows "(1) error, (2) that was obvious or clear; that (3) affected the defendants substantial rights, and that affected the fairness, integrity, or public reputation of the judicial proceedings." *United States v. Vonner*, 516 F.3d 386 (6th Cir. 2008) (en banc).

A district court must consider factors set forth in 18 U.S.C. § 3553(a) before exercising its discretion to impose concurrent or consecutive sentences. 18 U.S.C. § 3584(b). While "[t]here is no requirement that the district court state a 'specific reason' for a consecutive sentence," *United States v. Johnson*, 640 F.3d 195, 208-09 (6th Cir. 2011), it must nonetheless "make

5

generally clear the rationale under which it has imposed the consecutive sentence" so that "meaningful appellate review" is possible, *United States v. Cochrane*, 702 F.3d 334, 346 (6th Cir. 2012) (internal quotation marks omitted). The district court can indicate its reasoning either "expressly or by reference to a discussion of relevant considerations elsewhere." *Ibid.* The required consideration of § 3553(a) factors need not be extensive, and can be satisfied by indicating that the reasons for imposing a consecutive sentence were the same as those used to determine the length of a sentence. *Johnson*, 640 F.3d at 208.

The district court in this case expressly recognized its obligation to consider § 3553(a) factors and reviewed each factor before determining the length of the sentences for Rivera's two federal offenses. The district court then stated that, for reasons "*as I've already touched on*, a consecutive sentence is necessary to protect the public from, unfortunately, the future crime this defendant may commit if he is back in the community." (Emphasis added). The district court did not commit plain error because it referred to its prior consideration of § 3553(a) factors as its rationale for imposing a consecutive sentence.

## C

Rivera finally argues that he was deprived of effective assistance of counsel because his attorney failed to file a motion to suppress the shotgun evidence seized from the hotel closet and failed to fully advise him of the consequences of his guilty plea.

Ineffective-assistance-of-counsel claims are more appropriately raised in § 2255 post-conviction proceedings rather than on direct appeal. "When an ineffective-assistance claim is brought on direct appeal, appellate counsel and the court must proceed on a trial record not developed precisely for the object of litigating or preserving the claim and thus often [is] incomplete or inadequate for this purpose." *Massaro v. United States*, 538 U.S. 500, 504 (2003).

6

Because the record at the direct-appeal stage ordinarily "has not been sufficiently developed for assessing the merits of the allegation of ineffective assistance, we have adopted a general rule [that] a defendant may not raise ineffective assistance of counsel claims for the first time on direct appeal." *United States v. Martinez*, 430 F.3d 317, 338 (6th Cir. 2005) (internal quotation marks and citations omitted). We may grant an exception to this general rule where the parties have adequately developed the record so as to enable us to reach the merits of the ineffective-assistance claim. *See, e.g.*, *United States v. Wunder*, 919 F.2d 34, 37 (6th Cir. 1990); *see also Massaro*, 538 U.S. at 508 ("There may be instances, too, when obvious deficiencies in representation will be addressed by an appellate court *sua sponte*.").

There is no basis for granting such an exception in this case. Rivera concedes that "the record from the District Court is insufficient to permit adequate review of Rivera's claim of ineffective assistance of counsel when he chose to enter a plea of guilty." Appellant's Br. at 47. He also concedes that "at no point on the record does [defense counsel] address why the strategic decision was made to not pursue a Motion to Suppress in this case." *Id.* at 41. We therefore decline to consider Rivera's ineffective-assistance-of-counsel claims at this stage.

### III.    Conclusion

For the foregoing reasons, we reverse Rivera's designation as an armed career criminal and remand for resentencing, affirm the district court's decision to impose a consecutive sentence, and decline to reach the merits of the ineffective-assistance claim on direct appeal.

7