**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

File Name: 16a0572n.06

No. 15-4228

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED

Oct 17, 2016

DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | On Appeal from the United States |
| | ) | District Court for the Northern |
| RONALD S. RIVERA, | ) | District of Ohio |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

_____/

**Before: GUY, BOGGS, and GRIFFIN, Circuit Judges.**

**RALPH B. GUY, JR., Circuit Judge.** Defendant, Ronald Rivera, appeals his sentence and the district court's denial of his motion to correct or amend his sentence. We vacate in part and affirm in part.

**I.**

While defendant was serving a state sentence, the government charged him with being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1), and possession of an unregistered firearm, 26 U.S.C. § 5861(d). Defendant pleaded guilty, reserving the right to appeal his designation as an armed career criminal. The district court sentenced defendant at the middle of the guidelines range, to 200 months' incarceration for felon-in-

possession and 120 months' incarceration for possession of an unregistered firearm, to run concurrent to each other and consecutive to his ongoing state sentence.

During defendant's appeal of his sentence, the Supreme Court decided *Johnson v. United States*, 135 S. Ct. 2551 (2015), which declared the residual clause of the Armed Career Criminal Act unconstitutionally vague. While defendant's post-*Johnson* appeal was pending, he completed his state sentence. This court later "reverse[d] Rivera's designation as an armed career criminal," remanded for resentencing, and "affirm[ed] the district court's decision to impose a consecutive sentence[.]" *United States v. Rivera*, 620 F. App'x 390, 394 (6th Cir. 2015).

On remand, defendant sought a sentence at or below the revised guidelines range, citing his acceptance of guilt, good behavior, and completion of certificate programs while incarcerated. The district court "carefully considered the matter" and discussed the 18 U.S.C. § 3553(a) factors at length. Recognizing defendant's mitigating arguments, the district court nonetheless gave more weight to his extensive criminal history and propensity for recidivism despite over a dozen incarcerations. The district court resentenced defendant to terms of 115 months, the top of the newly calculated guidelines range for each count, to run concurrently with each other and consecutive to his (then-completed) state sentence. The district court denied defendant credit for time served in state custody, as his state sentence "was imposed for violating his earlier community control sanction . . . in the state system."

Defendant objected, arguing that he should receive a sentence at the middle of the guidelines range as he did at his first sentencing. The district court acknowledged the

objection but indicated that it would "stand on the record earlier." Defendant also objected to the lack of credit for time served, and the district court stated that the § 3553(a) factors compelled its decision.

Defendant filed a motion to correct or amend his sentence. He noted that 18 U.S.C. § 3584(a) permits imposition of consecutive sentences only for "multiple terms . . . imposed on a defendant at the same time" or "on a defendant who is already subject to an undischarged term of imprisonment," and argued that neither of these applied since he had discharged his state sentence prior to resentencing. The district court denied the motion because defendant was still serving his state sentence at the time of his first federal sentencing. Moreover, the district court indicated that even if it were "inclined to" resentence defendant to a term that was not consecutive to his state sentence, it "would simultaneously recommend that Rivera not receive credit for any time he was serving his state court sentence," resulting in the same term of incarceration.

## II.

We review *de novo* the district court's interpretation of a mandate. *United States v. O'Dell*, 320 F.3d 674, 679 (6th Cir. 2003). We review the district court's decision to impose a consecutive or concurrent sentence for an abuse of discretion. *Setser v. United States*, 132 S. Ct. 1463, 1472-73 (2012).

We likewise review the reasonableness of a sentence for an abuse of discretion, *Gall v. United States*, 552 U.S. 38, 51 (2007), giving "'due deference' to the district court's conclusion that the sentence imposed is warranted by the § 3553(a) factors," *United States v. Bolds*, 511 F.3d 568, 581 (6th Cir. 2007) (quoting *Gall*, 552 U.S. at 51).

A district court abuses its discretion in the sentencing context if it "commit[s a] significant procedural error," *Gall*, 552 U.S. at 53, "selects a sentence arbitrarily, bases the sentence on impermissible factors, fails to consider relevant sentencing factors, or gives an unreasonable amount of weight to any pertinent factor," *United States v. Conatser*, 514 F.3d 508, 520 (6th Cir. 2008).

## III.

### a. Consecutive Sentencing

The district court properly imposed a consecutive term when it first sentenced defendant. *See* 18 U.S.C. § 3584 (terms of imprisonment "imposed on a defendant who is already subject to an undischarged term of imprisonment" may "run concurrently or consecutively"). In affirming the consecutive aspect of defendant's initial sentence, we affirmed just that: the district court's imposition of a consecutive sentence when defendant was serving an undischarged state sentence. Whether the district court could sentence defendant consecutively on remand after completing his state incarceration was neither before the court then, nor compelled by our decision or mandate.

The text of § 3584 permits consecutive sentences for defendants serving only extant terms of state imprisonment. *See United States v. Ossa-Gallegos*, 491 F.3d 537, 543-44 (6th Cir. 2007) (en banc) (adopting canon of *expressio unius est exclusio alterius* to limit supervised release tolling to periods explicitly authorized in 18 U.S.C. § 3583(d)). The district court lacked statutory authority to impose a consecutive sentence upon defendant after he completed his state incarceration. It therefore erred. We vacate

that portion of the judgment of sentence ordering that defendant's sentences run consecutive to his state sentence.

### b. Reasonableness

After listening to arguments from the prosecution, the defense, and defendant personally, the district court reviewed the presentence report and sentencing memoranda, and thoroughly discussed the § 3553(a) factors in light of defendant's extensive criminal history. It thus followed proper procedure for determining defendant's sentence. *Gall*, 552 U.S. at 53. Moreover, the district court did not give unreasonably inadequate or excessive weight to any factor, rely on any impermissible factors, or select a sentence arbitrarily. *Conatser*, 514 F.3d at 520; *see also United States v. Adkins*, 729 F.3d 559, 571 (6th Cir. 2013) ("[T]he manner in which a district court chooses to balance the applicable sentencing factors is beyond the scope of the Court's review.").

Defendant nevertheless faults the district court for imposing a sentence at the top of the guidelines range when it previously imposed one in the middle of a different range, noting that when initially sentencing defendant, the district court remarked that it "believe[d] the mid range would be sufficient but not greater than necessary to meet the purposes of the sentencing statute." However, defendant's sentence after remand was *less* than his first sentence – 115 months rather than 200 months.

Defendant mistakes the requirement of sentence proportionality with one of consistency in selecting from the bottom, middle, or top regions of the applicable range. In revisiting defendant's sentence, the district court had no obligation to maintain a sentence at the midpoint of the guidelines when the applicable range was markedly

different but the underlying facts remained the same. *See United States v. Duso*, 42 F.3d 365, 368 (6th Cir. 1994) (holding that the sentencing guidelines do not prohibit a district court from "revisiting the entire sentencing procedure unless restricted by the remand order"). The factors warranting defendant's 200-month and 120-month sentences as an armed career criminal were no less compelling when justifying his 115-month sentences after that designation was removed. The district court reiterated these factors and explained why a sentence at the high end of the guidelines range was "sufficient, but not greater than necessary, to comply with the purposes" of § 3553(a). 18 U.S.C. § 3553(a). Accordingly, its sentence was substantively reasonable.

\* \* \*

We **VACATE** the portion of the judgment of sentence ordering that defendant's sentences run consecutive to his state sentence, and **AFFIRM** his sentence in all other respects.